IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERRY M. TURNER, ) | CIVIL NO. 06-00616 JMS/LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING |
| ) | DEFENDANTS' MOTION TO |
| CITY AND COUNTY OF ) | DISMISS AND DENYING |
| HONOLULU AND JENNIFER ) | PLAINTIFF'S MOTION FOR |
| CHING IN HER INDIVIDUAL ) | SUMMARY JUDGMENT |
| CAPACITY AND IN HER ) | |
| CAPACITY AS DEPUTY ) | |
| PROSECUTING ATTORNEY IN ) | |
| HONOLULU, ) | |
| ) | |
| Defendants. ) | |
| _____ | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

On November 17, 2006, Plaintiff Terry M. Turner ("Plaintiff") filed a Complaint under 42 U.S.C. § 1983 against Defendants City and County of Honolulu ("City") and Jennifer Ching ("Ching"), in both her individual capacity and in her official capacity as a Deputy Prosecuting Attorney. Plaintiff alleges that his constitutional rights were violated and that Ching was negligent in the handling of Plaintiff's criminal prosecution in 1984. Defendants seek dismissal of the Complaint on the grounds that it is time-barred and for failure to state a claim

under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff seeks summary judgment on all counts in the Complaint.  Based on the following, the court GRANTS Defendants' motion to dismiss and DENIES Plaintiff's motion for summary judgment.[1]

## II. BACKGROUND

On July 2, 1984, Plaintiff pled guilty to assault in the first degree in Hawaii State Court, Criminal No. 56933.[2]  Ching was the deputy prosecuting attorney assigned to the case.  Plaintiff claims that he was mentally ill when he pled guilty in 1984.

In 1998, Magistrate Judge Barry M. Kurren granted Plaintiff's petition for habeas corpus, finding that Plaintiff's 1984 guilty plea was invalid.  Pl's. Mot. Summ. J. Ex. A ("Pl's. Ex. A") 12.  Judge Kurren found that the State of Hawaii failed to inform Plaintiff's counsel or the trial judge who took his plea that Plaintiff was treated for mental illness while incarcerated (before he pled guilty in Criminal No. 56933), and that around the time Plaintiff entered his guilty plea, he

---

[1] Pursuant to Local Rule 7.2(d), the court finds these motions to be suitable for disposition without a hearing.

[2] Plaintiff was charged with rape in the first degree, assault in the third degree, terroristic threatening in the first degree, and kidnapping.  See Pl's Mot. Summ. J. Ex. A ("Pl's. Ex. A") 1.  After Plaintiff entered a guilty plea to the assault charge, he was sentenced to time served and probation.  Id. at 2.  Plaintiff's probation was revoked in 1986 and he was sentenced to a term of 10 years.  Id.

experienced and exhibited some behavior consistent with a diagnosis of severe mental illness. *Id*. at 7. The court also found that Plaintiff was unaware of his mental illness at that time and for several years following his guilty plea. *Id.* at 13.

Plaintiff now alleges that Ching withheld information concerning his mental illness from Plaintiff, his defense counsel, and the judge who took his guilty plea. Plaintiff also claims that Ching improperly used evidence introduced during an earlier trial resulting in an acquittal to induce him to enter his July 2, 1984 plea of guilty. According to Defendants, Ching did not know that Plaintiff was mentally ill when he pled guilty in 1984 or that he was treated for mental illness by the State. Ching Decl. ¶ 4. As the prosecuting attorney, Ching never saw any of Plaintiff's medical records and did not have access to them. *Id.*

Plaintiff filed his Complaint on November 17, 2006. As a result of Ching's failure to disclose information regarding his mental illness during the 1984 prosecution and improper inducement of his plea, Plaintiff claims that his constitutional rights were violated and that Ching was negligent under state law. Plaintiff seeks compensatory damages of $100,000,000 and $50,000,000 in punitive damages. Defendants filed a motion to dismiss on January 29, 2007. On February 7, 2007, Plaintiff filed a motion for summary judgment and filed a memorandum in support of the motion on February 20, 2007. Defendants replied

on February 27, 2007. On March 2, 2007, Plaintiff filed another affidavit. Based on the following, Defendants' motion to dismiss is GRANTED and Plaintiff's motion for summary judgment is DENIED.

### III. STANDARD OF REVIEW

**A.    Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed.R.Civ.P. 12(b)(6). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). "Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss." *Id.* Under Rule 12(b)(6), a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*

**B.     Summary Judgment**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

**C.     Pro Se Status**

Plaintiff is appearing pro se; consequently, the court will liberally construe his pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

## IV.  ANALYSIS

**A.     Defendants' Motion to Dismiss is Granted**

Defendants argue that Plaintiff's claims are time-barred and that Plaintiff fails to state a claim upon which relief can be granted.  The court first addresses the statute of limitations issue, then discusses Plaintiff's § 1983 claims against the City and Ching, and Plaintiff's negligence claim against Ching.

### *1.     The Court Will Not Rule on the Statute of Limitations at this Time*

Defendants moved to dismiss the complaint based on the statute of limitations.[3]  Dismissal on statute of limitations grounds can be granted pursuant

---

[3] Section 1983 does not contain a statute of limitations.  The Supreme Court has held that courts should look to the local statute of limitations for personal injury actions as the most

(continued...)

to Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Even if the relevant dates alleged in the Complaint are beyond the statutory period, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (citation omitted). Defendants have failed to show their entitlement to dismissal at the Rule 12(b)(6) stage.

   Under the tolling provision for infancy, insanity or imprisonment, if any person entitled to bring an action is "insane" at "the time the cause of action accrued, . . . such person shall be at liberty to bring such actions within [two years], after the disability is removed or at any time while the disability exists."

---

(...continued)
analogous statute to § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Therefore, Hawaii's two-year statute of limitations for personal injury actions, Hawaii Revised Statutes ("HRS") § 657-7, applies to Plaintiff's § 1983 claim against the City and Ching. As Plaintiff did not file his Complaint until November 17, 2006, all of his allegations concerning constitutional violations that occurred before November 17, 2004 would be barred by the statute of limitations. The Complaint alleges Plaintiff's injuries occurred in 1983 and 1984. Compl. ¶¶ 1, 3.

HRS § 657-13.  Plaintiff argues that his disability still exists and has never been removed.[4]  Defendants claim that Plaintiff was competent sometime after 1984 and eventually became stable enough to file his own legal and administrative pleadings.

Based on the current record, the Defendants have not met their burden at the motion to dismiss stage.  "Giving the pro se . . . complaint the liberal construction to which it is entitled, one simply cannot say the plaintiff will be unable to prove, consistent with the allegations therein, that the statute of limitations was tolled."  *Pamer v. Cal. Dep't of Corrections*, 2007 WL 164020 at *2 (N.D. Cal. Jan. 19, 2007); *see also Ramsey v. Arizona*, 2006 WL 3533150 at *6 (D. Ariz. Dec. 6, 2006) ("On these facts, the Court cannot say that Plaintiff will not be able to demonstrate that the statute of limitations was tolled.").  This ruling is without prejudice to Defendants raising the statute of limitations issue in a separate motion for summary judgment.

### 2. *Plaintiff Fails to State a § 1983 Claim Against the City*

Assuming as true the allegations in the Complaint and construing Plaintiff's various other filings in the light most favorable to him, Plaintiff fails to

---

[4] According to Plaintiff, "he is currently still unstable."  Pl's. Aff. ¶ 2, Mar. 2, 2007.  Alternatively, Plaintiff states that "[i]f anyone can say I have become stable, it is certainly less than a year."  *Id.* at ¶ 7.

state a § 1983 claim against the City.  The Complaint alleges that Ching alone was negligent and violated his constitutional rights.  Although the City is named as a Defendant, the Complaint focuses exclusively on Ching's actions and does not mention the City in the section entitled "Claims."

The City cannot be held liable under § 1983 simply on the theory of respondeat superior; instead, Plaintiff must demonstrate a direct connection between a City policy or custom and the harm suffered.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  The actions of individual employees can support liability against their governmental employer only if the employees were acting pursuant to an official policy, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986), or committed a constitutional violation "pursuant to a longstanding practice or custom[.]"  *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).  However, liability may also attach, even for an isolated constitutional violation "when the person causing the violation has final policymaking authority."  *Id.*  "Final policy-making authority may be granted by a state legislature or by officials who possess that authority."  *Botello v. Gammick*, 413 F.3d 971, 979 (9th Cir. 2005).

The Complaint does not allege that Ching was acting pursuant to an official policy, committed a constitutional violation pursuant to a longstanding

8

practice or custom, or that Ching had final policymaking authority. In short, the Complaint does not set forth facts sufficient to state a § 1983 claim against the City based on Ching's actions.[5] Plaintiff's § 1983 claim against the City is DISMISSED without prejudice.

### 3. *Ching Is Entitled to Absolute Immunity as to the § 1983 Claim*

"A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (*quoting Imbler*

---

[5] Read liberally, Plaintiff's motion for summary judgment indicates that, although not pled in the Complaint, he sought to bring a *Monell* claim against the City. In his motion for summary judgment, Plaintiff argues that the City "is liable because prosecutors practice lying to Judges to win." Pl's Mot. Summ. J. 4. As evidence of the City's policy or custom, Plaintiff claims that, during an unrelated criminal prosecution, "prosecutor Charlotte Duarte represented the case and she tried to withhold more evidence showing a practice by prosecutors." *Id.* at 5.

Plaintiff's claim that two City prosecutors withheld information or evidence during unrelated prosecutions does not demonstrate the requisite policy or custom for municipal liability under § 1983. Even assuming these claims are true, the alleged incidents are isolated and do not amount to a City custom. As explained in *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996):

> Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984); *see also, Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

*v. Pachtman*, 424 U.S. 409, 430 (1976)). A prosecutor has only qualified immunity "if he or she is performing investigatory or administrative functions, or is essentially functioning as a police officer or detective." *Id.* at 1028.[6]

To determine whether Ching is entitled to absolute or qualified immunity, the court applies a functional analysis; that is, the court looks "at the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993). "If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity." *Broam*, 320 F.3d at 1029. Applying this functional analysis,

> the Supreme Court has held that prosecutors are absolutely immune from § 1983 liability for decisions to initiate a particular prosecution, to present knowingly false evidence at trial, and to suppress exculpatory evidence. Prosecutors also enjoy absolute immunity for decisions not to prosecute particular cases and for gathering evidence to present to the trier of fact, as opposed to gathering evidence to determine whether probably cause exists to arrest.

*Goldstein v. City of Long Beach*, __ F.3d __, 2007 WL 914228 at *3 (9th Cir. Mar. 28, 2007) (citations and quotation signals omitted).

---

[6] Absolute immunity protects a prosecutor from civil liability "whether or not he or she violated the civil plaintiff's constitutional rights." *Broam*, 320 F.3d at 1029. Qualified immunity protects government officials from liability under § 1983 so long as the conduct of the official "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Plaintiff alleges that Ching failed to disclose exculpatory information regarding his mental competency as of July 2, 1984 when he pled guilty to assault in the first degree. He also alleges that Ching used evidence offered during a 1983 trial resulting in a not-guilty verdict to induce him to enter a plea of guilty on July 2, 1984. Employing a functional analysis, the court finds that Ching's actions "were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Imbler*, 424 U.S. at 430.

The duty to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), is at the very core of Ching's duty as an officer of the court. "An act or omission concerning such a [*Brady*] duty cannot be construed as only administrative or investigative; it . . . is necessarily related to [the prosecutor's] preparation to prosecute." *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 679 (9th Cir. 1984). The Ninth Circuit has also recognized that "prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process." *Briley v. State of Cal.*, 564 F.2d 849, 856 (9th Cir. 1977) (citations and quotation signals omitted). Ching is entitled to absolute immunity. Plaintiff's § 1983 claim against Ching is DISMISSED with prejudice.

Because prosecutors are absolutely immune for their acts associated with the judicial phase of the criminal process, the court concludes that granting Plaintiff leave to amend his § 1983 claim against Ching would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile."); *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir. 1996) (affirming the district court's denial of leave to amend "[b]ecause the proposed claim would be redundant and futile").

### 4. *Plaintiff Fails to State a Negligence Claim Against Ching*

Plaintiff's negligence claim against Ching is based on the same factual allegations as his § 1983 claim. Under Hawaii law, Ching is entitled to qualified immunity from tortious conduct unless Plaintiff provides clear and convincing proof that Ching was "motivated by malice and not by an otherwise proper purpose." *Wong v. City & County of Honolulu*, 333 F. Supp. 2d 942, 958 (D. Haw. 2004) (*quoting Medeiros v. Kondo*, 55 Haw. 499, 522 P.2d 1269, 1272 (1974)).

A plaintiff must plead malice in the complaint. *Towse v. Hawaii*, 64 Haw. 624, 632, 647 P.2d 696, 702 (1982) ("[I]t is essential that the injured party *allege* and prove, to the requisite degree, that the official had been motivated by

12

malice and not by an otherwise proper purpose." (Emphasis added)).  Plaintiff merely alleges that Ching's conduct violated his constitutional rights and was negligent under state law; Plaintiff does not plead malice in the Complaint.  The Complaint does not allege any facts to demonstrate that Ching was motivated by malice or that she did not act with an otherwise proper purpose.  Plaintiff's Complaint fails to state a negligence claim upon which relief can be granted against Ching.[7]  Plaintiff's negligence claim against Ching is therefore DISMISSED without prejudice.

## B.     Plaintiff's Motion for Summary Judgment is Denied

Plaintiff seeks summary judgment on all counts.  In his motion, Plaintiff argues that (1) the two-year statute of limitation is tolled; (2) the City is liable because prosecutors practice lying to judges to win; and (3) Ching was negligent.  With respect to each of these arguments, Plaintiff fails to show that there is no genuine issue as to any material fact and that the he is entitled to a judgment as a matter of law.

---

[7] As a result, Plaintiff fails to state a claim against the City based on Ching's negligence. "It is well-settled that, under the doctrine of *respondeat superior*, an employer is held accountable and liable for the negligent acts of its employees; if an employee is immune from suit, then the employer is also immune from suit and cannot be held liable." *Reed v. City & County of Honolulu*, 76 Haw. 219, 227, 873 P.2d 98, 106 (1994).

As discussed above, based on the record before the court, there is a genuine issue regarding Plaintiff's mental condition with respect to tolling the statute of limitations.[8]  Further, Plaintiff has failed to state a § 1983 *Monell* claim based on a City practice of prosecutors lying to judges.  Finally, Plaintiff has not established that Ching was negligent as a matter of law and has not overcome Ching's state-law qualified immunity.  Plaintiff's motion for summary judgment is DENIED.

---

[8] Plaintiff's own exhibits cast doubt on his claim that he is insane for the purpose of tolling the statute of limitations.  Magistrate Judge Kurren found that Plaintiff became aware of his mental condition and was being treated for paranoid schizophrenia while incarcerated, sometime between 1987 and 1992.  Pl's. Ex. A 8-10.  Plaintiff apparently filed his petitions for habeas corpus pro se in 1992 and 1993 and represented himself for several years during the habeas proceedings.  On July 1, 2004, Plaintiff filed an application for disability and disability insurance benefits with the Social Security Administration.  *See* Pl's. Ex. B.  The claim was denied and Plaintiff file an appeal pro se.  *See id.*  In 2006, the Social Security Administration Office of Hearings and Appeals ruled in Plaintiff's favor.  *See id.*  The Decision by the Administrative Law Judge relied on a report by Valerie Brandon, M.D., Plaintiff's treating psychiatrist since 1997.  The March 5, 2004 report states that Plaintiff's "symptoms are currently stable with the combination of Zyprexa and Strattera."  *Id.* at 4.  Plaintiff attached Dr. Brandon's report as Exhibit D to his motion for summary judgment.

Dr. Brandon's report states that on February 12, 2004, she started Plaintiff on Strattera and that "[a]fter less than a month of taking Strattera, [Plaintiff] has noticed that there is a marked improvement in his concentration and focus."  Pl's. Ex. D 4.  Dr. Brandon concluded that "[o]n this combination of medications . . . [Plaintiff] is free of his paranoid symptoms of auditory hallucinations, paranoid delusions, and excessive suspiciousness.  His presentation now of range of affect, eye contact, hygiene, grooming, and speech all fall within the normal/average range."  *Id.*  The report notes, however, that "this facade of normality does <u>NOT</u> rule out his potential to relapse into an acute paranoid state."  *Id.* at 5.  Thus, according to Plaintiff's treating psychiatrist he was stable and his symptoms were under control by March 5, 2004.

Plaintiff, however, states that, "he is currently still unstable."  Pl's. Aff. ¶ 2, Mar. 2, 2007.  Alternatively, Plaintiff states that "[i]f anyone can say I have become stable, it is certainly less than a year."  *Id.* at ¶ 7.

**C.    Plaintiff is Granted Leave to Amend With Respect to the § 1983 Claim Against the City and the Negligence Claim Against Ching**

Pro se litigants should be given leave to amend unless the defects cannot be cured by amendment. *See Eldridge,* 832 F.2d at 1136. Plaintiff is therefore granted leave to amend his Complaint only with respect to his § 1983 claim against the City and his negligence claim against Ching. Plaintiff is not given leave to amend his § 1983 claim against Ching. Any amended complaint shall be filed no later than June 1, 2007. If Plaintiff does not file an amended complaint by June 1, 2007, his case will be automatically dismissed.

## IV.  <u>CONCLUSION</u>

For the reasons stated above, Defendants' motion to dismiss is GRANTED and Plaintiff's Complaint is DISMISSED. Plaintiff's motion for summary judgment is DENIED. Plaintiff may file an amended complaint no later

\\\

\\\

\\\

\\\

\\\

than June 1, 2007.  Failure to file an amended complaint by June 1, 2007 will result in an automatic dismissal of Plaintiff's case as to all Defendants.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 3, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Turner v. City & County of Honolulu et al.*, Civ. No. 06-00616 JMS/LEK; Order Granting Defendants' Motion to Dismiss and Denying Plaintiff's Motion for Summary Judgment