IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERRY M. TURNER, | ) | CIVIL NO. 06-00616 JMS/LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR |
| vs. | ) | RECONSIDERATION AND |
| | ) | DISMISSING ALL REMAINING |
| CITY AND COUNTY OF | ) | CLAIMS AGAINST ALL |
| HONOLULU; JOHN DOE | ) | REMAINING DEFENDANTS |
| PROSECUTOR; JOHN DOE LEGAL | ) | |
| REPRESENTATIVE OF CHARLES | ) | |
| MARSLAND'S ESTATE; EDWIN | ) | |
| SHIMODA WARDEN OCCC; JOHN | ) | |
| DOE DIRECTOR OF PUBLIC | ) | |
| SAFETY; JOHN DOE WARDEN | ) | |
| HALAWA PRISON; JOHN DOE | ) | |
| LEGAL REPRESENTATIVE OF | ) | |
| WILLIAM OKU'S ESTATE; | ) | |
| JENNIFER CHING, DEPUTY | ) | |
| PROSECUTING ATTORNEY; ALL | ) | |
| IN THEIR INDIVIDUAL AND | ) | |
| OFFICIAL CAPACITIES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING ALL REMAINING CLAIMS AGAINST ALL REMAINING DEFENDANTS**

## I.  INTRODUCTION

On April 24, 2008, the court entered its Order Granting Defendants City and County of Honolulu ("City") and Deputy Prosecuting Attorney Jennifer

Ching's ("Ching") Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment ("April 24, 2008 Order").  The April 24, 2008 Order found that Plaintiff's claims against the City and Ching -- which are based on events that occurred in the 1980s and 1990s -- are subject to a two-year statute of limitations and time-barred as a matter of law.  That same day, the court further ordered Plaintiff to show cause ("OSC") why his claims against the remaining defendants (John Doe Prosecutor, John Doe Legal Representative of Charles Marsland's Estate, Edwin Shimoda Warden Oahu Community Correctional Center, John Doe Director of Public Safety, John Doe Warden Halawa Prison, and John Doe Legal Representative of William Oku's Estate), should not be dismissed as time-barred for the same reasons articulated in the April 24, 2008 Order.

On May 12, 2008, Plaintiff filed his Response to the OSC ("Pl.'s Resp."), arguing that (1) the court erred in applying a two-year statute of limitations to his claims, and (2) the doctrine of equitable tolling applies.[1]  For the following reasons, the court DENIES Plaintiff's Motion for Reconsideration, and DISMISSES all remaining claims against all remaining defendants.

---

[1] Because Plaintiff is appearing pro se, the court will liberally construe his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  The court therefore construes Plaintiff's Response as both a Response to the OSC and a Motion for Reconsideration of the April 24, 2008 Order.

## II. BACKGROUND

### A. Plaintiff's Claims Against Defendants

Plaintiff's Second Amended Complaint ("SAC") alleges a 42 U.S.C. § 1983 claim against the City, and claims against all defendants for violation of Plaintiff's Hawaii state constitutional rights and for negligence. Specifically, the SAC alleges that Ching failed to disclose information concerning Plaintiff's mental illness in his 1984 criminal prosecution, falsely testified against him in another criminal action in 1995, and placed him in double jeopardy by combining two criminal actions against him. SAC, claims 1-2. The SAC further alleges that John Doe Prosecutor and John Doe Legal Representative of Charles Marsland's Estate are liable for failure to supervise Ching, *id.* at claims 3-4, and that the City is liable for its longstanding practices that allowed these violations. *Id.* at claim 9. Regarding Shimoda, John Doe Warden Halawa Prison, John Doe Legal Representative of William Oku's Estate, and John Doe, Director of Public Safety, the SAC appears to allege that they should have known that Plaintiff was being improperly imprisoned, and that they are liable for physical injuries and emotional suffering Plaintiff suffered while imprisoned. *Id.* at claims 5-8.

///

///

**B.     Procedural History**

On November 13, 2007, Plaintiff filed his SAC.  On February 4, 2008, Ching and the City filed a Motion for Summary Judgment, arguing, among other things, that Plaintiff's claims are time-barred.  On February 20, 2008, Plaintiff filed a Cross-Motion for Summary Judgment, responding that he timely brought this action because his incarcerations and insanity tolled the statute of limitations.

On April 24, 2008, the court entered its Order, finding that the claims against the City and Ching are time-barred.  Specifically, the court found that Plaintiff's claims are subject to a two-year statute of limitations, which began to run no later than March 2004 when Plaintiff was both out of prison and sane.  Because Plaintiff filed this action on November 17, 2006, the claims against the City and Ching are time-barred as a matter of law.  In its separate OSC, the court stated that it appears that the statute of limitations would bar Plaintiff's claims against the remaining defendants (who have yet to be served with the SAC) for the same reasons articulated in the court's April 24, 2008 Order.  The court therefore ordered Plaintiff to show cause why his claims against the remaining defendants should not be dismissed as time-barred.  On May 12, 2008, Plaintiff filed his Response.

4

## III. **STANDARD OF REVIEW**

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).

Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Fin. Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988); *see also* Local Rule ("L.R.") 60.1 (providing that reconsideration is only permitted where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact").

///

///

# IV. ANALYSIS

## A. Applicable Statute of Limitations for Plaintiff's Claims

Plaintiff argues that the court erred in determining that his claims are subject to a two-year statute of limitations period, and that a six-year period applies instead. The court disagrees.

Addressing Plaintiff's § 1983 claim against the City first, § 1983 does not contain a statute of limitations. Instead, the Supreme Court has held that courts should use the local statute of limitations for personal injury actions as the most analogous statute to § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *see also Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims."). Hawaii Revised Statutes ("HRS") § 657-7 "is the 'general' personal injury statute of limitations," *Pele Defense Fund v. Paty*, 73 Haw. 578, 597, 837 P.2d 1247, 1259 (1992), and states that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after . . . ." HRS § 657-7. The court therefore properly applied the two-year limitations period of HRS § 657-7 to Plaintiff's § 1983 claim. *See Adam v. Haw. Prop. Ins. Ass'n*, 247 Fed. Appx. 892, 893 (9th

Cir. 2007) (finding that the district court properly applied HRS § 657-7 to plaintiff's federal claims, including a § 1983 claim); *Hernando v. Hamamoto*, 2008 WL 1912445, at *2 (D. Haw. Apr. 29, 2008) (applying HRS § 657-7 to civil rights claim brought pursuant to § 1983); *Haldeman v. Golden*, 2008 WL 1932188, at *5 (D. Haw. Apr. 29, 2008) (same); *see also Pele Defense Fund*, 73 Haw. at 595, 837 P.2d at 1259 ("We hold that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions.").

        Liberally construing his Response, Plaintiff appears to argue that his § 1983 claim is subject to the six-year statute of limitations provided in the catch-all provision of HRS § 657-1(4) governing "[p]ersonal actions of any nature whatsoever not specifically covered by the laws of the State." *See* Pl.'s Resp. 1 ("[T]he Hawaii Supreme Court has made it clear that the 6 year limitation appl[ies] in this case."). This argument is meritless in light of *Pele Defense Fund*, which specifically held "that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions, rather than the six-year statute of limitations set forth in HRS § 657-1(4)." *Pele Defense Fund*, 73 Haw. at 595, 837 P.2d at 1259.

        Turning to Plaintiff's state law claims, the court recognizes that the nature of the claim determines the applicable statute of limitations. *See Au v. Au*, 63 Haw. 210, 216, 626 P.2d 173, 178 (1981). Plaintiff states claims against

Ching, John Doe Prosecutor, John Doe Legal Representative of Marsland's Estate, and the City for Ching allegedly failing to disclose information concerning Plaintiff's mental illness during his criminal prosecution in 1984, falsely testifying in a separate criminal action against him in 1995, and subjecting Plaintiff to double jeopardy by combining two actions against him.  SAC, claims 1-4, 9. Plaintiff further alleges claims against the remaining defendants for improper imprisonment, and physical injuries and emotional suffering Plaintiff incurred while imprisoned.  *Id.* at claims 5-8.  These causes of action sound in tort, and are therefore subject to the two-year statute of limitations of HRS § 657-7 governing tort actions.  *See Hubbart v. State of Haw. Office of Consumer Prot. Dep't of Commerce and Consumer Affairs*, 2008 WL 373167, at *4 (D. Haw. Feb. 11, 2008) ("Hawaii courts have stated that the two-year statute of limitations generally applies to tort actions . . . ." (*citing Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 128, 157 P.3d 561, 567 (Haw. App. 2007)) (other citations omitted); *Nagata v. Quest Diagnostics Inc.*, 303 F. Supp. 2d 1121, 1124-25 (D. Haw. 2004) (noting that the court previously found that plaintiff's negligence claims were barred by the statute of limitations set forth in HRS § 657-7); *Linville v. State of Hawaii*, 874 F. Supp. 1095, 1104 (D. Haw. 1994) (applying HRS § 657-7 to

claims of negligence and negligent and intentional infliction of emotional distress).

In his Response, Plaintiff argues that his claims are subject to the six-year statute of limitations set forth in HRS § 657-1, and cites to *Lindgard v. Residuary Ltd. Partnership*, 113 Haw. 159, 149 P.3d 811 (Haw. App. 2006), as supporting his position. *See* Pl.'s Resp. 2. *Lindgard* is an unpublished memorandum opinion, and is therefore not citable as precedent. *See* Haw. R. App. Pro. 35(c). Further, to the extent Plaintiff relies on *Lindgard's* discussion of *Au*, *Au* is not applicable to these facts. *Au* involved a claim for fraudulent representation concerning water leakages in a home that plaintiff ultimately purchased. *See Au*, 63 Haw. at 216, 626 P.2d at 178. *Au* determined that the limitations period of § 657-1, as opposed to § 657-7, applied to a fraudulent representation claim because "[t]he nature of this claim is not the physical injury to property, rather it is the making of fraudulent representations concerning the condition of the home which induced appellant to purchase it." *Id.*

In comparison, the SAC includes no claim for fraudulent representation. Rather, the nature of Plaintiff's claims is personal injury. *See* SAC, at Relief (seeking compensatory damages for "his 15 to 20 years in prison, 9 years in isolation in the holding unit, head injury received in prison, broken jaw

received in prison, bruised ribs by adult correction officers, for Ching making plaintiff's case front page news forever damaging plaintiff's reputation, psychological and emotional suffering and for loss of liberty and time").[2]  The court therefore finds that it properly determined that all of the Plaintiff's claims are subject to the two-year limitations period of § 657-7.

**B.    Equitable Tolling**

In a single sentence, Plaintiff argues that the doctrine of equitable tolling applies.  To the extent Plaintiff makes this argument as a reason for the court to reconsider its April 24, 2008 Order, Plaintiff did not make this argument on summary judgment, and it is improper for Plaintiff to make new arguments now.  *See* L.R. 60.1 (providing that reconsideration is only permitted where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact").  To the extent Plaintiff

---

[2] The court recognizes that "HRS § 657-7 has been interpreted to apply to 'claims for damages resulting from *physical* injury to persons or *physical* injury to tangible interests in property.'" *Pele Defense Fund v. Paty*, 73 Haw. 578, 598, 837 P.2d 1247, 1259 (1992) (*quoting Higa v. Mirikitani*, 55 Haw. 167, 169-70 & n.5, 517 P.2d 1, 3 & n.5 (1973)) (emphasis in original).  Despite this potential limitation, courts have nonetheless applied HRS § 657-7 to state law tort claims that do not necessarily include physical injury.  *See, e.g., Nagata v. Quest Diagnostics Inc.*, 303 F. Supp. 2d 1121, 1124-25 (D. Haw. 2004) (noting that the court previously found that plaintiff's negligence claims arising from testing of urine sample were barred by the statute of limitations set forth in HRS § 657-7); *Linville v. State of Hawaii*, 874 F. Supp. 1095, 1104 (D. Haw. 1994) (applying HRS § 657-7 to claims of negligent and intentional infliction of emotional distress and negligence based on alleged discriminatory employment practices).  In any event, Plaintiff's state law claims clearly state claims involving physical injury (*i.e.*, improper imprisonment and physical injuries).

applies this argument to his claims against defendants other than Ching and the City, Plaintiff has the burden of showing that he is entitled to equitable tolling of the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling [of a statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Office of Haw. Affairs v. State*, 110 Haw. 338, 360, 133 P.3d 767, 789 (2006). Plaintiff's one-sentence invocation of the doctrine of equitable tolling does not carry his burden. Indeed, from an independent review of the record, the court finds no reason to equitably toll the statute of limitations.

In sum, the court finds that all of Plaintiff's claims are subject to a two-year statute of limitations, and are time-barred for the reasons articulated in the April 24, 2008 Order.

///
///
///
///
///
///

## V. **CONCLUSION**

For these reasons stated above, the court DENIES Plaintiff's Motion for Reconsideration, and DISMISSES all remaining claims against all remaining defendants. The Clerk of Court is ordered to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 2, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Turner v. City & County of Honolulu et al.*, Civ. No. 06-00616 JMS/LEK; Order Denying Plaintiff's Motion for Reconsideration and Dismissing All Remaining Claims Against All Remaining Defendants